Ruffin, C. J.
 

 The plaintiff, and the defendant, John R. Hawes, entered into partnership for the purchase and sale of merchandise, in January, 1848, and continued the business until November 15th, 1848, when, by mutual consent, it was dissolved on the following terms: The stock, consisting of merchandise on hand, estimated at $26,625 00,
 
 *22
 
 ■was equally to be divided between the parties, and each of them agreed to pay one-half of the debts which the firm owed. The division was made accordingly, and each party then took his half of the goods and debts as his own.— On the 16th oí June, 1849, Hawes made a deed to Thomas D. Mears, by which he conveyed certain lands and slaves-) •and assigned a number of debts, due by bond, mote or ac■count, consisting, partly, of the debts assigned to him upon *the dissolution, and partly of «the sales of the merchandize ■he then received, upon trust to pay, in the first place, a debt cof $4,922 16 to -L. Lattimer; and, in the next place, a debt ■of $1,685 63 to Edward A Hawes-; and then one-half of -the debts of Holmes & Hawes, and -the surplus to the bar-gainor.
 

 The bill was filed in December, 1849, against John R. Hawes, Mears, Latimer, and Edward A. Hawes; and it -states that, at the dissolution of the partnership, it was indebted to certain persons mentioned, who afterwards instituted suit against the plaintiff, and John R. Hawes,-and obtained judgments, and that John R. Hawes .had no visible estate, on which execution could be served, but had conveyed -and assigned all he had, by the deed of trust, and that, consequently,-the plaintiff would be compelled to pay the whole of the judgment, unless he could have a part of the funds, so assigned, applied to that purpose. It slates, further, that ■the other property conveyed has been sold by the trustee, and proved insufficient to discharge the sum due to Lati-mer and Edward -A. Hawes, and that the trustee intends to ■collect, and apply towards those demands, the sums due upon the debts transferred-to John R Hawes, at the dissolution, or created by the sales of the goods, then allotted to him, as his share of the joint effects. And it insists that those debts constitute a fund, which is first applicable t.o the .payment of Hawes’ half of the partnership debts, and
 
 *23
 
 prays that it may be so declared, and the accounts of the several debts taken, and the fund so applied; and. in the. meantime, that the trustee be enjoined from applying any part of the proceeds of those debts to the demands of the preferred creditors, Latimer, and Edward A. Hawes.
 

 An injunction was granted upon the bill, as prayed for j and upon the coming in of the answers, a motion to dissolve the injunction was denied, and, amongst other things, it was ordered to stand to the hearing, and from that part of the decree, the defendants were allowed to appeal. The answer of John R. Hawes states, that he had paid upon other debts of the firm, his full proportion of all the debts; and it, and the others insist, that the plaintiff has no preferable right to satisfaction or relief out of that part ot the effects transferred to John R. Hawes at the dissolution.
 

 If the question turned upon that part of the answer which relates to the amounts the two partners paid or were respectively liable to pay, the injuncion would, of course, be continued until the facts had been ascertained by an enquiry. But the point made by the appeal does not at ail depend on that. On the contrary, the bill is founded on a wrong principle, and the injunction ought not to have been originally granted, and consequently, ought not to have been continued. The principle of the bill is, that, after the dissolution and the division of the effects and debts between the partners, they still continued partnership property, or
 
 quasi
 
 partnership property, until the debts of the partnership were all paid. That might be questioned, even as between creditors of the firm, and the several partners, and those claiming under them, when the dissolution and division were
 
 bona fide, ex parte Ruffin,
 
 6 Ves. 109,
 
 Clement v Foster,
 
 3 Ire. Eq. 213. But this is a very different question, being between the partners themselves, admitting Hawes' assignee to stand in his shoes exactly. For, un-
 
 *24
 
 cfoubtedly two partners, as between themselves, may agree to dissolve and divide according to their respective interests, &c., and’ when the division is made, the property allotted to each becomes his separate property, and one of them upon his liability for the debts, or his payment of them, has no lien upon that portion, which he agreed the other might take, as his separate property. The rights of the parties stand on the strength of their agreement and division, and one of them cannot set up a claim inconsistent with his contract, but he ought to have provided for the event that has happened, before he parted from his oontrol over the effects. If so plain a principle requires ■ authority, the case of
 
 Lingen
 
 v
 
 Simpson,
 
 1 Sim. and Stu. 600, is directly in point. The decree was therefore erroneous, and the injunction should be dissolved, with costs in-this Court, which will be certified to the Court of Equity.
 

 Pee Cuiuam. Ordered accordingly.